UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREATER NEW YORK MUTUAL<br>INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | Civil Action No.: 3:19-cv-1741 |
| v. | : : | |
| ROBBINS EYE CENTER P.C.,<br>KIM P. ROBBINS, MD,<br>COMMERCE PARK ASSOCIATES, LLC,<br>RDR MANAGEMENT, LLC, | : : : : : | |
| Defendants. | : | November 5, 2019 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Greater New York Mutual Insurance Company ("GNY"), for its Complaint against Robbins Eye Center P.C. ("REC"), Kim P. Robbins, MD, Commerce Park Associates, LLC ("CPA"), and RDR Management, LLC ("RDR") states as follows:

**Nature of the Action**

1. Pursuant to 28 U.S.C. § 2201, this is an action for a declaratory judgment that there is no coverage under commercial general liability policies issued by GNY for the judgment entered in *Robbins Eye Center, P.C. v. Commerce Park Associates, LLC et al.*, Docket No. FBT-CV-16-6059479-S and *Commerce Park Associates, LLC v. Kim Robbins, MD*, Docket No. FBT-CV-14-4052827-S (the "Lawsuits").

2. There is no coverage under the policies because CPA breached Condition 2 of the policies, "Duties In The Event Of Occurrence, Offense, Claim or Suit", by failing to provide notice to GNY of occurrence(s), claim(s), and/or offense(s) giving rise to the Lawsuits. CPA further breached Condition 2 by failing to provide notice to GNY of the Lawsuits.

1

3. Failure to provide notice deprived GNY of the opportunity to investigate the occurrence(s), claim(s), and offense(s), to participate in the Lawsuits, to interview witnesses, to engage in discovery, to obtain demonstrative evidence, to identify and retain experts, to select defense counsel, to control the defense strategy, to control settlement strategy, and to engage in settlement discussions. Such deprivations materially prejudiced GNY.

4. REC notified GNY of a judgment in the Lawsuits on June 22, 2018.

5. When GNY received notice of the judgment, the Lawsuits had been pending for two to four years, had been consolidated, had completed discovery, and had gone to trial.

6. More than four months prior to REC's notice to GNY, on February 6, 2018, a Memorandum of Decision was issued in favor of CPA for a portion of its claim for past rent, and in favor of REC for its claim for gross negligence. Judgment was entered in favor of REC in the amount of $960,287.74 on May 2, 2018 ("Judgment"). The parties to the Lawsuits filed appeals in April 2018.

7. REC is not a Named Insured under the policies.

8. REC is seeking coverage under Section IV(3) of the policies, which provides: "A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance."

9. The Named Insured under the policies is CPA.

10. To this day, no notice of occurrence(s), claim(s), and/or offense(s) giving rise to the Lawsuits, or the Lawsuits themselves, has ever been provided by CPA or anyone acting on its behalf.

11. On June 22, 2018, counsel for REC advised GNY that it would seek to enforce the Judgment against CPA pursuant to Section IV(3) of the policies.

12. On July 20, 2018, counsel for GNY advised counsel for REC that there was no coverage under the policies for the Judgment against CPA.

13. On July 31, 2018, counsel for REC reiterated its intention to enforce the Judgment against CPA pursuant to Section IV(3) of the policies "once the Courts affirm it and the automatic stay under Practice Book § 61-11 terminates."

14. There is an actual, bona fide, and substantial question or issue in dispute in that the Parties dispute whether REC, Kim P. Robbins, MD, CPA, and RDR are entitled to coverage under the policies for the Judgment in the Lawsuits.

15. GNY seeks a declaratory judgment that there is no coverage for the Judgment in the Lawsuits under the policies based on the application of Condition 2 and certain other policy terms, conditions, limitations and exclusions and, therefore, GNY has no obligations under the policies to REC, Kim P. Robbins, MD, CPA, or RDR for the Judgment in the Lawsuits.

## The Parties

16. GNY is a corporation formed and existing under the laws of the State of New York and maintains a principal place of business in New York, New York.

17. REC is a corporation formed and existing under the laws of the State of Connecticut and maintains a principal place of business in Fairfield, Connecticut.

18. Kim P. Robbins, MD, President and sole shareholder of REC, is an ophthalmology specialist and citizen of Connecticut practicing in Fairfield, Connecticut.

19. CPA is a corporation formed and existing under the laws of the State of Connecticut and maintains a principal place of business in Bridgeport, Connecticut.

20. RDR is a corporation formed and existing under the laws of the State of Connecticut and maintains a principal place of business in Bridgeport, Connecticut.

**Jurisdiction & Venue**

21. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(2), in that diversity exists as GNY is a citizen of New York, and REC, Kim P. Robbins, MD, CPA and RDR are citizens of Connecticut, and the amount in controversy exceeds $75,000.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(1), in that the insurance contract between GNY and CPA that is the subject of this declaratory judgment action was issued to CPA in this District and the alleged acts or omissions on the part of CPA that precipitated the Judgment for which coverage is sought took place in this District, as well as the actions or inactions that give rise to this declaratory judgment action.

23. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief.

**Factual Background**

**A.** **The GNY Policies**

24. This lawsuit arises from REC's attempt to enforce the Judgment against CPA in the Lawsuits pursuant to Section IV(3) of the commercial general liability policies GNY issued to CPA, Policy No. 1106M47068, with effective dates from December 1, 2013 to December 1, 2014 ("2013-2014 Policy") and December 1, 2014 to December 1, 2015 ("2014-2015 Policy") (collectively, the "Policies"). Copies of the Policies are attached as **Exhibit A**.

25. In Section II, the Policies define **Who Is An Insured**:

> **1.** If you are designated in the Declarations as:
>
>> **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as managers.

26. Section IV of the Policies provides **Commercial General Liability Conditions**:

**2. Duties In The Event Of Occurrence, Offense, Claim, Or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)** How, when and where the "occurrence" or offense took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

   **b.** If a claim is made or "suit" is brought against any insured, you must:

   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   **c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)** Authorize us to obtain records and other information;

   **(3)** Cooperate with us in the investigation of settlement of the claim or defense against the "suit"; and

   **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

   **d.** No insured will, except at the insured's own cost voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**3. Legal Action Against Us**

   No person or organization has a right under this Coverage Part:

> **a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or
>
> **b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.
>
> A person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part or that are in excess of the applicable limit of insurance. An agreed settlement means a settlement and release of liability signed by us, the insured and the claimant or the claimant's legal representative.

27. The Insuring Agreement in *Coverage A Bodily Injury and Property Damage Liability of the Policies* provides, in relevant part, that GNY "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

28. The Insuring Agreement in *Coverage A* of the Policies further provides, in relevant part, that the insurance applies to "bodily injury" or "property damage" only if:

> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

29. The term "occurrence" is defined in the Policies as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

30. "Property Damage" is defined in the Policies as:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

31. Coverage A of the Policies contains an exclusion for "'[b]odily injury' or 'property damage' expected or intended from the standpoint of the insured."

32. Coverage A of the Policies contains an exclusion for "'[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

33. Coverage A of the Policies contains the following exclusion:

**f. Pollution**

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to any insured . . .

34. The Policies define "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste include materials to be recycled, re-conditioned or reclaimed."

35. Coverage A of the Policies contains the following exclusion:

**m. Damage To Impaired Property or Property Not Physically Injured**

"Property damage to "impaired property" or property that has not been physically injured arising out of:

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

36. The Policies contain a **Fungi or Bacteria Exclusion** endorsement applicable to Coverage A which provides in relevant part:

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost, or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in a good or product intended for consumption.

37. The Insuring Agreement in Coverage B Personal and Advertising Injury Liability of the Policies provides, in relevant part, that GNY "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."

38. The Insuring Agreement in Coverage B of the Policies further provides, in relevant part, "This insurance applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

39. The term "personal and advertising injury" is defined in the Policies as "injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

**a**. False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of privacy of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor;

    **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

    **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.** The use of another's advertising idea in your 'advertisement'; or

    **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

40. Coverage B of the Policies contains the following exclusion:

    **a. Knowing Violation Of Rights Of Another**

    "Personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal advertising injury".

41. Coverage B of the Policies contains the following exclusion:

    **f. Breach of Contract**

    "Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

**B.**    <u>**Claim By REC**</u>

42. GNY received a letter from REC dated **June 22, 2018** notifying it of the Judgment against CPA in favor of REC in the amount of $899,190 that was entered on February 6, 2018.

43. REC informed GNY that on March 5, 2018, the Court awarded post judgment interest on the Judgment accruing at 8% per annum.

44. REC informed GNY that on May 2, 2018 the Court approved REC's Bill of Costs in the amount of $2,245.82, thereby increasing the amount of the Judgment to $960,287.74, exclusive of interest.

45. REC informed GNY that CPA appealed the Judgment which stays its enforcement until the appeal is fully adjudicated.

46. GNY conducted an investigation to evaluate REC's claims and to determine whether the Judgment against CPA was covered under the Policies.

**C.    GNY's Investigation**

47. During the course of its investigation, GNY learned that in May 2014, CPA brought an action against Kim P. Robbins, MD ("Dr. Robbins") in the Housing Court, *Commerce Park Associates, LLC v. Kim Robbins, MD,* Docket No. FBT-CV14-4052827-S (the "Housing Lawsuit"). In that suit, CPA sought rent payments under a lease executed between CPA and Dr. Robbins for office space in a building owned by CPA at 4695 Main St., Bridgeport, CT. In response, Dr. Robbins asserted that the rent abated under the lease because the space in the Building became untenantable in the spring of 2015 and she was constructively evicted.

48. During the course of its investigation, GNY learned that in October 2016, REC brought a separate action against CPA and its management company, RDR, alleging negligence, recklessness and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). *Robbins Eye Center, P.C. v. Commerce Park Associates, LLC, et al.*, Docket No. FBT-CV-16-6059479-S (the "Civil Lawsuit"). REC's claims related to damage to REC's offices beginning in the Spring

of 2015 as the result of periodic sewage system backups in the building, which were allegedly caused by a lack of maintenance and repairs by CPA and RDR. REC alleged that the backups forced it to vacate the Building, resulting in loss of the value of tenant improvements and lost profits.

49. During the course of its investigation, GNY learned that in October 2016, the Housing Lawsuit was consolidated into the Civil Lawsuit. In 2016 and 2017, the parties engaged in motion practice with respect to the pleadings and other pre-trial activity, including discovery, and the consolidated cases were tried by the court for seven days between July 5, 2017 and July 19, 2017.

50. During the course of its investigation, GNY learned that on February 6, 2018, the court issued a Memorandum of Decision in favor of CPA for a portion of its claims for past rent, and in favor of REC on claims of gross negligence.

51. During the course of its investigation, GNY learned that the parties then filed post-trial motions, and following rulings on those motions, the Judgment entered in favor of REC for $960,287.74 as of May 2, 2018, with post-judgment interest accruing.

52. During the course of its investigation, GNY learned that both parties filed appeals to the Connecticut Appellate Court in April 2018, and that in October 2019 the Connecticut Appellate Court issued a decision affirming the trial court's decisions on the merits in the Lawsuits and modifying certain parts of the damages awarded and remanding for further proceedings another portion of the damages for modification by the trial court.

53. The first notice that GNY had of any alleged occurrences, claims, offenses or of the Lawsuits filed in 2014 and 2016 or Judgment was when it received the letter from REC

dated June 22, 2018 notifying GNY it of its intent to enforce the Judgment against CPA pursuant to Section IV(3) of the Policies.

54. CPA and its agents have never provided notice to GNY regarding the alleged occurrences, claims, offenses, the Lawsuits or the Judgment.

**D.** **GNY's Disclaimer of Coverage**

55. By letter dated July 20, 2018, GNY, though counsel, disclaimed coverage to REC for the Judgment against CPA in the Lawsuits.

56. GNY advised REC that the Policies' notice conditions were breached and therefore there was no coverage available for the Judgment against CPA.

57. In addition to breaching the policies' notice conditions, GNY referred REC to certain other policy terms, conditions, limitations and exclusions.

**E.** **REC's Response to GNY's Disclaimer of Coverage**

58. By letter dated July 31, 2018, REC, through counsel, wrote to GNY disagreeing with GNY's position disclaiming coverage and reiterated its intention to enforce the Judgment against CPA pursuant to Section IV(3) of the Policies "once the Courts affirm it and the automatic stay under Practice Book § 61-11 terminates."

**COUNT I**

**DECLARATORY RELIEF – LATE NOTICE – COVERAGE IS BARRED BY CONDITION 2 OF THE POLICIES**

59. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 58 of this Complaint.

60. Condition 2 of the Policies provides that GNY be notified as soon as practicable of an "occurrence", offense, or "suit", and that the insured immediately send GNY copies of any demands, notes, summons or legal papers received in connection with the claim or "suit."

61. GNY never received notice from CPA or anyone acting on its behalf of the "occurrence", offense, Lawsuits or Judgment.

62. Pursuant to Section IV(3) of the Policies, in order for a person or organization to sue GNY for coverage, all of terms of the Policies must have been fully complied with.

63. The failure to provide notice materially prejudiced GNY by depriving it the opportunity to, among other things, investigate the claims and scene, interview witnesses, engage in discovery, obtain demonstrative evidence, identify and retain experts, select defense counsel, control the defense strategy, control settlement strategy, engage in settlement discussions and defend the case at trial.

WHEREFORE, GNY requests that this Court enter a judicial declaration that there is no coverage available under the Policies for the Lawsuits or the Judgment because Condition 2 of the Policies was breached, and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT II

### DECLARATORY RELIEF – THE PRIOR KNOWLEDGE PROVISION UNDER COVERAGE A PRECLUDES COVERAGE

64. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 63 of this Complaint.

65. Coverage A of the Policies provides coverage for "bodily injury" or "property damage" only if prior to the policy period, no insured or "employee" authorized by the insured to receive notice of an "occurrence" or claim, or knew, prior to the policy period, that "bodily injury" or "property damage" occurred.

66. CPA and its agents and employees were aware of "property damage" that had occurred in the portion of REC's leased space located at 4695 Main Street, Bridgeport, Connecticut, prior to the 2013-2014 Policy and 2014-2015 Policy periods.

WHEREFORE, GNY requests that this Court enter a judicial declaration that there is no coverage under the Policies for the Lawsuits because CPA and its agents and employees had prior knowledge of "property damage" that had occurred prior to the policy periods, and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and RDR.

## COUNT III

### DECLARATORY RELIEF – THERE IS NO COVERAGE UNDER COVERAGE A BECAUSE THERE WAS NO "OCCURRENCE"

67. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 66 of this Complaint.

68. The Policies provide coverage for "bodily injury" or "property damage" which takes place during the policy and is caused by an "occurrence."

69. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

70. The Lawsuits allege damages from intentional acts by CPA and do not constitute accidents.

WHEREFORE, GNY requests that this Court enter a judicial declaration that there is no coverage under the Policies for the Lawsuits because the alleged damages do not arise out of an "occurrence," and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT IV

**DECLARATORY RELIEF – THE EXPECTED OR INTENDED EXCLUSION UNDER COVERAGE A EXCLUDES COVERAGE**

71. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 70 of this Complaint.

72. The Policies exclude "bodily injury" or "property damage" that is "expected or intended" from the standpoint of the insured.

73. The Lawsuits allege property damage that was expected or intended by CPA.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the "expected or intended" exclusion, and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT V

**DECLARATORY RELIEF – THE CONTRACTUAL LIABLITY EXCLUSION UNDER COVERAGE A EXCLUDES COVERAGE**

74. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 73 of this Complaint.

75. Coverage A of the Policies excludes "bodily injury" or "property damage" for which the insured is obligated to pay by reason of assumption of liability or agreement.

76. The Lawsuits allege that CPA is obligated to pay for property damage because CPA assumed liability under a contract with REC and/or Kim P. Robbins.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the contractual liability exclusion, and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT VI

**DECLARATORY RELIEF – THE POLLUTION EXCLUSION UNDER COVERAGE A EXCLUDES COVERAGE**

77. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 76 of this Complaint.

78. The Policies exclude coverage for "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants".

79. The Policies define "pollutants" as "any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals, and waste. Waste include materials to be recycled, re-conditioned or reclaimed."

80. The Lawsuits allege claims for property damage that are excluded by the Pollution Exclusion.

WHEREFORE, GNY asks that this Court enter a judicial determination that coverage is excluded by the Pollution Exclusion, and, therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT VII

**DECLARATORY RELIEF – THE DAMAGE TO IMPAIRED PROPERTY OR PROPERTY NOT PHYSICALLY INJURED EXCLUSION EXCLUDES COVERAGE**

81. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 80 of this Complaint.

82. Coverage A of the Policies excludes "property damage" to "impaired property" arising out of a delay or failure to perform a contract or agreement with its terms.

83. The Lawsuits allege damages that include "property damage" to "impaired property" arising out of CPA's delay or failure to perform under the lease agreement with REC and/or Kim P. Robbins.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the "damage to impaired property or property not physically injured" exclusion, and, therefore, GNY does not owe any obligations to REC, Kim P. Robbins, MD, CPA, and RDR.

## COUNT VIII

### DECLARATORY RELIEF – THE FUNGI OR BACTERIA EXCLUSION ENDORSEMENT UNDER COVERAGE A EXCLUDES COVERAGE

84. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 83 of this Complaint.

85. The Policies exclude "property damage" or "bodily injury" which would not have occurred but for contact with, exposure to, existence of, or presence of, any "fungi" or bacteria within a building and its contents.

86. The Lawsuits allege property damage arising out of exposure to "fungi" or bacteria.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the "Fungi or Bacteria" Exclusion endorsement, and therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT IX

### DECLARATORY RELIEF – THE KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION UNDER COVERAGE B EXCLUDES COVERAGE

87. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 86 of this Complaint.

88. The Policies exclude "personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

89. The Policies define "personal and advertising injury" as injury arising out of certain enumerated offenses, including the wrongful eviction from premises that a person occupies, committed by or on behalf of its owner, landlord or lessor.

90. The Judgment in the Lawsuits includes damages that are excluded by the "knowing violation of rights of another" exclusion under the Policies.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the "knowing violation of rights of another" exclusion, and therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA, and/or RDR.

## COUNT X

### DECLARATORY RELIEF – THE BREACH OF CONTRACT EXCLUSION UNDER COVERAGE B EXCLUDES COVERAGE

91. GNY realleges and incorporates by reference the allegations in paragraphs 1 to 90 of this Complaint.

92. The Policies exclude "personal and advertising injury" arising out of a breach of contract.

93. The Judgment in the Lawsuits includes damages arising out of CPA's breach of the lease agreement.

WHEREFORE, GNY asks that this Court enter a judicial declaration that coverage is excluded by the "breach of contract" exclusion, and therefore, GNY does not owe any defense or indemnity obligations to REC, Kim P. Robbins, MD, CPA and/or RDR.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff GNY prays for the following relief:

a. A declaratory judgment on Count I that there is no coverage under the Policies for the Judgment in the Lawsuits because coverage is barred by the breach of Condition 2;

b. A declaratory judgment on Count II that there is no coverage under the Policies because the prior knowledge provision precludes coverage;

c. A declaratory judgment on Count III that there is no coverage under the Policies because the Judgment in the Lawsuits does not arise out of an "occurrence";

d. A declaratory judgment on Count IV that there is no coverage under the Policies because the property damage was expected and intended by CPA;

e. A declaratory judgment on Count V that there is no coverage under the Policies because coverage is barred by the Contractual Liability Exclusion in Coverage A;

f. A declaratory judgment on Count VI that there is no coverage under the Policies because coverage is barred by the Pollution Exclusion;

g. A declaratory judgment on Count VII that there is no coverage under the Policies because coverage is barred by the Damage To Impaired Property Or Property Not Physically Injured Exclusion;

h. A declaratory judgment on Count VIII that there is no coverage under the Policies because coverage is barred by the Fungi or Bacteria Exclusion Endorsement;

i. A declaratory judgment on Count IX that there is no coverage under the Policies because coverage is barred by the Knowing Violation Of Rights Of Another Exclusion;

j. A declaratory judgment on Count X that there is no coverage under the Policies because coverage is barred by the Breach of Contract Exclusion in Coverage B;

k. A declaratory judgment that REC has no basis to recover from GNY for the Judgment in the Lawsuits;

l. A declaratory judgment that Kim P. Robbins, MD has no basis to recover from GNY for the Judgment in the Lawsuits;

m. A declaratory judgment that CPA has no basis to recover from GNY for the indemnity or defense costs arising out of the Judgment in the Lawsuits;

n. A declaratory judgment that RDR has no basis to recover from GNY for indemnity or defense costs arising out of the Judgment in the Lawsuits;

o. Award GNY its costs, attorney's fees, and such other relief as the Court deems just and necessary.

GREATER NEW YORK MUTUAL
INSURANCE COMPANY


By */s/ Rhonda J. Tobin*
   Rhonda J. Tobin (ct07755)
   rtobin@rc.com
   Jason H. DePatie (ct30641)
   jdepatie@rc.com
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
   Tel. No.: (860) 275-8200
   Fax No.: (860) 275-8299
   Its Attorneys